**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAUL DONOHOE; CATHY DONOHOE; TORIAN DONOHOE; KYLE DONOHOE; ANNA DONOHOE; DAVID ARTHUN; KAYCE ARTHUN; CASTLE CREEK RANCH, L.P., | No.   22-35380 |
|  | D.C. No. 1:20-cv-00137-SPW |
| Plaintiffs-Appellants, |  |
|  | MEMORANDUM[*] |
| v. |  |
| UNITED STATES FOREST SERVICE; MARY ERICKSON, Forest Supervisor; KEN COFFIN, District Ranger, |  |
| Defendants-Appellees. |  |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted June 6, 2023
Seattle, Washington

Before:  SCHROEDER, CALLAHAN, and BEA, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge CALLAHAN.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Paul and Cathy Donohoe; Torian Donohoe; Kyle and Anna Donohoe; David and Kayce Arthun, and Castle Creek Ranch L.P. (the "Donohoes") appeal the district court's grant of summary judgment in favor of the United States Forest Service ("USFS") in an action alleging that USFS violated the National Environmental Policy Act ("NEPA"), the Endangered Species Act ("ESA"), and the National Forest Management Act ("NFMA") in approving two projects: the "Bridge Project" and the "Trail Project." USFS has moved to dismiss the appeal as moot.

(1) The motion to dismiss is granted only as to the NEPA claims. While "defendants in NEPA cases face a particularly heavy burden in establishing mootness," *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001), in this case there is no present controversy as to which effective NEPA relief can be granted, and the claims are moot. *See Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008). The Bridge Project was completed in the summer of 2019 and the Trail Project was completed in October of 2022. Setting aside the Decision Memo and other documents authorizing the Projects would have no effect since there is no future activity to enjoin and there appears no other relief could be ordered to remedy the alleged harm. *See Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1209 (9th Cir. 2021). Neither party has suggested that the "voluntary

2

cessation" or the "capable of repetition while evading review" exceptions to mootness apply here. We therefore vacate the district court's decision as to the NEPA claims and remand with instructions to dismiss the claims as moot.

(2) The district court declined to exercise jurisdiction over the ESA claims because the Donohoes did not send a second 60-day notice of intent letter following USFS's consultation with the Fish and Wildlife Service ("FWS"). Such notice was required. *See* 16 U.S.C. § 1540(g)(2)(A)(i); *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 650–51 (9th Cir. 2015). The Donohoes' initial notice of intent letter complained that USFS violated the ESA when it failed to take into account certain impacts the Trail Project might have on grizzly bears and failed to engage in formal consultation with the FWS. As a result, USFS revised its analysis in its 2020 Biological Assessment and consulted with the FWS. The Donohoes did not send a second notice of intent letter following USFS's consultation with FWS.

The Donohoes rely on the one-page June 10, 2020 letter that was sent before the consultation was complete, and states that the 2020 Revised Biological Assessment remained flawed or incomplete. The Donohoes were "not required to list every specific aspect or detail of every alleged violation," *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 951 (9th Cir. 2002)

(internal quotation omitted), but the June 10, 2020 letter failed to describe *any* particular inadequacy.  The record does not suggest that the Donohoes sent another letter or otherwise ever informed USFS that specific ESA violations remained after the consultation process was completed.  Assuming the ESA claims are not moot, we must hold that the district court correctly ruled it lacked jurisdiction to consider them.  The motion to dismiss is denied as to the ESA claims and the district court's judgment as to those claims is affirmed.

**VACATED in part, AFFIRMED in part.**



***Donohoe v. USFS***, No. 22-35380

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I agree with all but Part 2 of the memorandum disposition which concludes that the district court properly dismissed the ESA claims because the Donohoes failed to send a second 60-day notice of intent to sue letter following USFS's consultation with FWS. In my view, the Donohoe's letter dated June 10, 2020, when read in context with the first notice of intent letter, adequately provided USFS notice of the alleged ESA violations pursuant to the requirements of 16 U.S.C. § 1540(g). *See, e.g.*, *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 997 (9th Cir. 2000) (holding that a reviewing court may examine both the notice itself and the behavior of its recipients to determine whether the party understood or reasonably should have understood the alleged violations based on the notice).

Here, the violations outlined in Donohoes' original notice of intent letter included that (1) USFS had improperly applied screening criteria to the Projects to achieve its desired outcome; (2) USFS had not consulted with FWS even though the limited analysis rendered a "may affect but is not likely to adversely affect" ("NLAA") ESA-listed species; and (3) USFS's NLAA finding was based on an inappropriate description of the Projects as rebuilding trails that failed to properly consider the impacts of opening a new Trail into the remote WF Stillwater

backcountry. In response to this notice of intent letter, USFS initiated consultation with FWS and issued a 2020 revised biological assessment. The Donohoes then sent a June 10, 2020, letter to USFS acknowledging that USFS had "now properly initiated Section 7 consultation" with FWS, but separately noting that "critical aspects of the [2020 revised biological assessment] remained flawed, incomplete, or improperly analyzed."

The purpose of the ESA's notice provision is "'to put the agencies on notice of a perceived violation of the statute' and to give them the 'opportunity to review their actions and take corrective measures if warranted.'" *See Conservation Cong. v. Finley*, 774 F.3d 611, 618 (9th Cir. 2014) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998)). But the notice "need not provide the exact details of the legal arguments that the plaintiffs intend to eventually make." *Finley*, 774 F.3d at 618 (quoting *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1072–73 (9th Cir.1996)). When read in context with the first letter, which identified three separate alleged violations, the June 10, 2020, letter provided adequate notice of intent to file suit under the ESA and was sufficient to confer jurisdiction. *See Finley*, 774 F.3d at 618 (finding a second notice of intent letter sent after agency published a revised recovery plan sufficient even though it could have been more specific); *see also Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 650–51 (9th Cir. 2015) (holding that

environmental organizations provided sufficient notice of intent to file suit under ESA, despite not listing every violation, considering the letter as a whole).  I would therefore vacate the district court's finding of no jurisdiction over the ESA claims and remand for the district court to consider the merits of the ESA claims in the first instance.